Taylor, Chief-Justice.'
 

 The Defendant was charged as putative father of a bastard child, and bound for his appearance at the County
 
 Court;
 
 where he moved for leave to plead, that the woman, who had charged him upon oath with being the father of the child, was of mixed blood, within the fourth degree, and that she ought not to swear against him.
 

 The motion was overruled, and the Defendant appealed to the Superior Court, and the motion has been sent here for our opinion.
 

 The only purpose for which the party was bound over to the County Court under the act of 1741, was, that he might be charged with the maintenance of the child, as that Court might direct. But as this mode of proceeding was liable to abuse, and at»- innocent man might be made liable con-
 
 *122
 
 cluslve’y by tlie oath of tlie woman, the act of 1814 entitled ^1C Part7 I‘ave an issue mi«Ie up, to try whether he he the father of the
 
 child;
 
 upon which issue, the examination ^ wofflanj retUrned to Court, shall be
 
 prima fade
 
 evidence only, against the accused. If it be true, that this Defendant has been adjudged the father upon incompetent testimony, and he avail himself of the first opportunity he has, of making the objection known to the Court, it is light that he should be heard. If an issue were made up, and the fact alleged by him proved, the examination could not be read in evidence against him 5 and to such issue he is entitled by the act. To object to the testimony, is in effect, to apply for an
 
 issue;
 
 and is in substance, to deny that he has been properly adjudged to be the father
 
 %
 
 and to ask for a re-examination on that fact. But independently of the act of 1814, it is apprehended that the County Court cannot rightfully charge a person with the maintenance, if it appear to them that the magistrates have proceeded against law, in the judgment they have formed. Wherever a special power is given to a Justice of the Peace by a statute, to convict an offender in a summary manner, without a trial by Jury, he must strictly pursue that
 
 power;
 
 otherwise the common law will break in upon, him and level all his proceedings. When a trial by Jury is dispensed with, he must nevertheless observe the course of the common law in trials, raise a charge, give notice to the party, and an opportunity to malte his defence. The evidence against him must be such as the common law approves of, unless the statute specially directs otherwise. It is the opinion of the Court, that this case be remanded to the County Court, that an issue be made up under the act of 1814, and the Defendant be at liberty to allege and prove the incompetcucy of the witness.
 

 
 *123
 
 1